IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:14-CR-128-2H2

UNITED STATES OF AMERICA   )
                           )
    versus                 )
                           )
WILLIAM TODD CHAMBERLAIN   )

**FIFTH MOTION FOR FURTHER DISCOVERY**

NOW COMES the Defendant, William Todd Chamberlain, through counsel, who moves for further discovery to be provided by the United States, as follows:

1) Defendant seeks the Military Records of Conduct Summaries on all co-defendants (these are similar to civilians FBI "rap" sheets). As co-defendants WALLS, HARPER, AUTRY and COOK were/are still serving in the military, defendant seeks their Conduct Summaries. Conduct Summaries contain, or should contain, all punitive and non-punitive actions taken against them during their military service (Court Marshals, Article 15s, and Letters of Reprimand). None of this information has been provided to Defense to date. This material potentially would provide defendant with information with which to impeach or otherwise discredit the witness, and possibly provide other impeachment material

1

should the Conduct Summary contain action favorable to the witness as a result of his attempted cooperation with the Government's prosecution of the defendant herein.

Examples from the discovery:

Example 1. During Jeff Cook's Proffer from 06/13/2014 Reporting Agent FBI SA Gannon wrote, "Autry has gotten into trouble and recently received an Article 15 for performing a parachute jump when he was on a medical profile that did not allow him to jump."

Example 2: During Cleo Autry's December 19, 2014 Interview, the reporting agent, SA Sargenski writes that Autry "is in the process of going through a separation board. Autry has already had his SF Tab revoked."

Defendant seeks the underlying Conduct Summaries for each of the codefendants.

2) Defense moves the Government to produce the Form or Forms DD-214 for each government witness, Barry Walls, Deric Harper, Jeff Cook, and Cleo Autry in order to review and use information concerning their discharge code from the Military. Defendant is entitled to this information for potential use in impeaching or otherwise attacking the

credibility of the witnesses in various ways:

    a) To show if any deals for leniency were struck between the Government/Military and those witnesses by the military, outside and beyond any plea bargain agreement reached with the United States Attorney;

    b) To show the Jury the government witnesses' "character of service".

3) Defense moves the Government to produce further information, investigative reports and documents concerning Jeff Cook's involvement with another criminal case during his Q-course. This information was derived from the audio recording between Barry Walls and Jeff Cook provided to the Defense by the Government (Audio Recording from 08/14/2012 Time Stamp 12:30). The nature of the other inquiry, and the disposition of that inquiry by the military, is relevant and material to this defendant's ability to confront, cross-examine and impeach Cook with the other information.

4) Defense is seeking production by the Government of the inventory of each grand jury subpoena for records which were returnable to the grand jury on whose authority the subpoenas were issued regarding this investigation,

particularly the returns of subpoenas directing an alternative return to DCIS rather than to the Grand Jury directly. Of particular interest are subpoenas for the financial records of all of the named defendants which were subpoenaed and return made to the Grand Jury or alternative destination (DCIS) for WALL, COOK, HARPER, AUTRY and CHAMBERLAIN, and a copy of the subpoena.

Defendant has made informal request for this information; the Government, in a letter dated August 17, 2015, replied:

> *"it is not required to provide you with an inventory of all the issued subpoenas by the grand jury or a law enforcement agency."*

5) Defendant seeks all **Reports**/Correspondence between government agencies involved in this case: (SIGAR, CID, DCIS, DOJ, DOD, SOCCOM, SOCCENT, CENTCOM, FBI, etc), which have related to the selection of the defendants in this case for prosecution, the decisions relating to which records of the split team would be declassified for production in discovery, and which have not been declassified, reports and documents relating to DEREC HARPER'S unauthorized capacity to draw $130,000 in funds, provided by Major Gombar, and the

4

reconciliation of the disposition of those funds, the preparation of all documents produced by the split team regarding 1208 funds, and the decision not to produce it for the court and the defendant in the June hearing, and subsequently.

From the discovery, it is clear that SIGAR and CID were the initiating agencies involved in the investigation of the split team since 2010. Defendant has received nearly no documents originating from SIGAR or CID. The few reports which have been provided to Defense to date in the Discovery were prepared by DCIS SA Sargenski and FBI SA Gannon.

The financial picture is still muddy. The Court issued a forfeiture order in one codefendant's case in the amount of $200,000. There has been no information provided to show how that sum was arrived at, or the components of the sum, if any. Defendant anticipates that the Government, should he be convicted, will be seeking a similar forfeiture amount. The derivation of the amount is a material matter in this case; defendant should be provided with the origination and process by which that amount was arrived at.

Further, review of reports and correspondence among various government agencies in this case is critical, just from the few Contact Reports prepared by Chamberlain which

5

show that they were altered/amended/changed, in some instances, months following his departure from Afghanistan. The Government has access to all of this material, and should be compelled to produce the record of who, when, where and how other persons had access to the split team records, and particularly Chamberlain's entries, in order for the defendant to prepare his defense and be fully informed as to the persons, agencies and forces bearing on his prosecution. Given the difficulties in obtaining accurate and complete records of the 1208 documents in this matter, inquiry as to the investigating agencies' access to and use of the records is essential.

The Government has informally replied to earlier request by simply refusing, taking the position that it is not required to provide you with all reports and correspondence between government agencies.

As it relates to the prosecution of this case, reports bearing on the handling of data and information which has not been provided, and the incompleteness of that which has been provided, is the responsibility of the government. Inquiry into those matters is material and relevant to this case, and the Government is obligated to produce records to

show where the records are or why they are not available for inspection and use at trial.

6) Defendant seeks to have the Court order the Government to clear his counsel, in order to be given access to operational details of the Defendant's deployment in order to be prepared to conduct his defense at trial.

Defendant William Chamberlain, cannot discuss any operational details with his attorney due to the nature of secrecy of his mission. More impeaching information can be provided by defendant Chamberlain should his counsel obtain clearance in this matter.

Respectfully submitted, this the 30th day of September, 2015.

                                        MANNING LAW FIRM

                                        /s/ Thomas C. Manning

                                        Thomas C. Manning, NCSB 7887
                                        Post Office Box 12105
                                        Raleigh, North Carolina 27605
                                        Telephone: (919) 834-3499
                                        Fax: (919) 834-3864
                                        Private Counsel for Defendant

## Certificate of Service

Undersigned certifies that he has electronically filed the foregoing FIFTH MOTION FOR FURTHER DISCOVERY, and has thereby served a copy upon Government Counsel, AUSA Susan Menzer, and DOJ Trial Counsel L. Wade Weems, this the 30th day of September, 2015.

/s/ Thomas C. Manning
_____
Thomas C. Manning