IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-H2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| WILLIAM TODD CHAMBERLAIN, | ) |
| Defendant. | ) |

This matter is before the court on the government's motion to summarily dismiss defendant's motion to dismiss or for bill of particulars. [D.E. #134]. Defendant has filed a response, and this matter is ripe for adjudication.

The government moves this court to summarily dismiss defendant's motion to dismiss or for bill of particulars on the basis that it was untimely filed in violation of Rule 12(b)(3)(B) and (c) of the Federal Rules of Criminal Procedure. An amendment to Criminal Rule 12(b)(3)(B) restricting the time for filing a motion based on certain defects in the indictment, including for failure to state an offense, became effective after the expiration of the pretrial motions deadline in the instant case. Where a defendant could formerly file a motion alleging such a defect in the indictment at any time while the case was pending before a 2014 amendment, a defendant must now file such motions before a court-appointed deadline unless he shows good cause. Fed.R.Crim.P. 12(c)(1), (3) (effective Dec. 1, 2014).

The court will not apply amended Criminal Rule 12(b)(3)(B) and (c) to dismiss defendant's motion to dismiss or for bill of particulars as untimely because the amendment only became effective after expiration of the pretrial motions deadline in the instant case. The government's motion to summarily dismiss defendant's motion to dismiss or for bill of particulars, [D.E. #134], is therefore DENIED. The government shall have ten (10) days from entry of this order to respond to defendant's motion to dismiss or for bill of particulars.

This 21st day of March 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34