IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2-H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| WILLIAM TODD CHAMBERLAIN, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to dismiss or for bill of particulars. [D.E. #132]. The government has filed a response, and this matter is ripe for adjudication.

### BACKGROUND

On June 25, 2014, an indictment was filed charging defendant in Count One with conspiracy:

> to knowingly and unlawfully embezzle, steal, purloin, and convert to his use and the use of another, things of value of the United States and a department and an agency thereof, the value of which in the aggregate did exceed the sum of $1,000, in violation of Title 18, United States Code, Section 641.

(Indictment, [D.E. #1], at 4) Count Two of the indictment charges that defendant, along with co-defendants, aiding and abetting each other and others known and unknown, did:

> knowingly and unlawfully embezzle, steal, purloin, and convert to their use and the use of others, things of value of the United States and a department and an agency thereof, that is the Department of Defense, including its components, the value of which in the aggregate did exceed the sum of $1,000; and did receive, conceal, and retain the same with intent to convert it to

> their use and gain, and the use and gain of others, knowing it to have been embezzled, stolen, purloined, and converted. All in violation of Title 18, United States Code, Sections 641 and 2.

(Id. at 10.)

In support of these charges, both counts of the indictment incorporate all or part of a factual summary found in a twelve-paragraph introduction. (Id. at 4, 9.) Following the charge summary of Count One, the indictment also includes sections labeled "Purpose of the Conspiracy," "Manner and Means," and "Overt Acts" which provide additional factual support for Count One.

Defendant has filed a motion to dismiss or for bill of particulars arguing the indictment is deficient "because it fails to plead all essential elements of the offenses charged. Specifically, the Indictment fails to allege that [defendant] knew of or participated in the theft conspiracy." (Mot. to Dismiss, [D.E. #132], at 1.) According to defendant, the indictment does not allege he knew (1) "the funds were stolen" or (2) "other members of his split team had agreed to work together to steal funds." (Id. at 1-2.)

## **COURT'S DISCUSSION**

The Federal Rules of Criminal Procedure provide that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the

2

offense charged." Fed.R.Crim.P. 7(c). An indictment is sufficient and thus satisfies the demands of the Fifth and Sixth Amendments if it (1) "contains the elements of the offense charged and fairly informs a defendant" of the charged offense and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); see United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998).

Ordinarily, an indictment tracking the statutory language of the offense is sufficient to properly state a charge, Hamling, 418 U.S. at 117; United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999), unless the words of the statute itself do not "fully directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense...," Hamling, 418 U.S. at 117. An essential element is one "whose specification... is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." United States v. Hooker, 841 F.2d 1225, 1231-32 (4th Cir. 1988).

When the sufficiency of an indictment is challenged before conviction, heightened scrutiny is required. United States v. Darby, 37 F.3d 1059, 1062-63 (4th Cir. 1994) (citing Hooker, 841 F.2d at 1229). Notwithstanding defendant's urging of the court to consider a selection of grand jury testimony as part of its

3

review, the court may only look at the four corners of the charging document when determining its sufficiency. See Costello v. United States, 350 U.S. 359, 363 (1956) (Indictments cannot be open to challenge on the ground of incomplete or incompetent grand jury evidence).

Applying these standards, the indictment in this matter is sufficient as to both counts. Count One charges defendant and others with violating 18 U.S.C. § 371, which provides in relevant part:

> If two or more persons conspire... to commit any offense against the United States... in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. To prove defendant committed this offense, the government must prove the following three elements: (1) defendant did combine, conspire, agree, and confederate with others to commit offenses against the United States, more fully described in the indictment; (2) defendant, knowing the unlawful purpose of the plan, willfully joined in it; and (3) a conspirator committed at least one act in furtherance of the conspiracy. United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997), cert. denied, 522 U.S. 1068 (1998) (citations omitted).

Paragraph 14 of the indictment incorporates the statutory language, specifies the conspiratorial time frame and location

4

of the offense, and identifies five co-conspirators. (Indictment, [D.E. #1], at 4.) In addition to tracking the language of the statute, Count One identifies 16 overt acts committed by the conspirators, one of which identifies an alleged overt act committed by the defendant, and diverse methods and means employed by defendant and other conspirators to accomplish their alleged criminal objective. (Id. at 4-9.) After its review of Count One, the court is satisfied defendant is fairly apprised of the charged offense and would be able to plead an acquittal or conviction in bar of any future prosecutions for the same offense.

To prove defendant committed the offense of theft of government property as charged in Count Two of the indictment, the government must prove the following three elements: (1) the thing of value belonged to the United States and had a value in excess of $1,000; (2) defendant embezzled, stole, purloined, or converted something of value for his own use or the use of another; and (3) defendant did so knowing the property was not his and with intent to deprive the government of the use of the property. See Fifth Circuit Pattern Jury Instructions, 2015 ed. §2.27. The indictment, in addition to tracking the statutory language, includes the time period, location, and the federal agency victimized by the alleged theft. In context, the indictment plainly alleges defendant knowingly converted $1,800

5

belonging to the government for his own personal use while deployed on assignment in Afghanistan sometime between July 2009 and January 2010. Therefore, the court is also satisfied as to Count Two that defendant is fairly apprised of the charged offense and would be able to plead an acquittal or conviction in bar of any future prosecutions for the same offense.

Finally, the court finds insufficient cause to order the government to provide a bill of particulars. Defendants are not entitled to a bill of particulars as a matter of right, Wong Tai v. United States, 273 U.S. 77, 82 (1927), and the court finds defendant is unlikely to suffer unfair surprise at trial resulting from any alleged ambiguity or insufficiency in the indictment.

## CONCLUSION

For these reasons and others more fully set forth in the government's response, defendant's motion to dismiss or for bill of particulars, [D.E. #132], is DENIED.

This 11 day of April 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34