IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| WILLIAM TODD CHAMBERLAIN, | ) | |
| Defendant. | ) | |

This matter is before the court on the government's application for a post-indictment restraining order. [D.E. #148]. Responses, replies, and sur-replies have been filed, and this matter is ripe for adjudication.

### BACKGROUND

On June 25, 2014, Defendant was indicted by a federal grand jury in the Eastern District of North Carolina for conspiracy to unlawfully embezzle, steal, and convert United States federal funds marked for war operational and reconstruction efforts for his benefit and that of co-conspirators. As part of the indictment, the government sought criminal forfeiture under 21 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), of the gross proceeds of Defendant's alleged illegal acts, in an amount of at least $200,000.00. Defendant was noticed the government would seek assets in substitution for the gross proceeds of the offense should the proceeds be made unavailable due to the acts or omissions of Defendant. One such

asset is a single tract of real property described in Exhibits A and B attached to the government's application ("subject property"). [D.E. #148-1 and #148-2]. The government moves for a restraining order preserving the subject property, which both parties agree is an untainted asset. Defendant, relying upon <u>Luis v. United States</u>, __ U.S. __, 136 S.Ct. 1083 (2016), objects to entry of the government's requested protective order on the basis 21 U.S.C. § 853 does not permit pretrial restraint of untainted assets.

### **<u>COURT'S DISCUSSION</u>**

Title 21 U.S.C. § 853(e)(1)(A) provides:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section—
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

21 U.S.C. § 853(e)(1)(A). While the forfeiture procedures set forth in 21 U.S.C. § 853 cover forfeitures arising from controlled substance offenses, <u>see</u> § 853(a), Congress has made those procedures except § 853(d) applicable to "all stages of a

2

criminal forfeiture proceeding" notwithstanding the offense charged so long as civil or criminal forfeiture is authorized in connection to the charged offense, 28 U.S.C. § 2461(c).

Title 18 U.S.C. § 981(a)(1)(C) provides for forfeiture of:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of... any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

18 U.S.C. § 981(a)(1)(C). Defendant is charged with an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), thereby making qualifying property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). The government included a Forfeiture Notice in the indictment notifying Defendant it intends to seek forfeiture of "U.S. currency in the amount of $200,000," or in certain situations substitute assets belonging to the Defendant up to the value of $200,000. (Indictment, [D.E. #1] at 11-12.)

The government moves pursuant to 18 U.S.C. § 853(e) for pretrial restraint of the subject property which is indisputably an untainted asset. The question presented is whether pretrial restraint of an untainted asset is permitted under § 853(e). Defendant argues the Supreme Court in its recent decision in Luis, ruled pretrial restraint of untainted assets is not allowed under § 853. (Deft's Sur-Reply in Opp. To Govt's Mot.

3

for Restraining Order, [D.E. #155-1] at 1.) While Justice Breyer analyzed § 853 in the Luis plurality opinion, he did so to distinguish Luis from precedential opinions permitting forfeitures of tainted assets under § 853, not to declare pretrial restraint of untainted assets under § 853 unlawful as Defendant suggests. In Luis, the Supreme Court rendered a decision of constitutional import based on its interpretation of a different statute expressly allowing pretrial restraint of untainted assets. Here, Defendant urges the court to find that § 853 does not permit pretrial restraint of untainted assets based in part on a comment made by Justice Sotomayor at oral argument. (see, e.g., Tr. Of Oral Argument to United States Supreme Court in Luis, [D.E. #155-2] at 45-46). While the undersigned agrees that the Supreme Court may in fact interpret § 853 in this way in the future, it has not yet ruled on this issue and has not upset applicable Fourth Circuit precedents governing the instant question presented before this court.

The Fourth Circuit Court of Appeals, unlike other circuits, permits the pretrial restraint of substitute assets subject to Sixth Amendment concerns. See In re Billman, 915 F.2d 916, 921 (4th Cir. 1990) (Liberally construing nearly identical statute to allow pretrial restraint of untainted substitute assets). Applying the Fourth Circuit's reasoning in Billman, where, as alleged here, Defendant no longer possesses assets specified in

4

§ 853(a), § 853(e) must be read in conjunction with § 853(p) to preserve the availability of substitute assets pending trial subject to Sixth Amendment concerns. See Billman, 915 F.2d at 921. Therefore, in light of this precedent Luis requires application of an additional constitutional balancing test when Defendant alleges the government's requested pretrial restraint of untainted assets would prevent him from hiring counsel of his choice. See Luis, 136 S.Ct. at 1088 (holding the pretrial restraint of untainted assets *needed by a criminal defendant to pay defense counsel of choice* violates the Sixth Amendment). Here, Defendant does not allege he needs the subject property to be free from pretrial restraint for the purpose of hiring counsel of his choice, nor does he deny or refute the government's allegation of this fact. Therefore, the constitutional question need not be reached at this time.

## CONCLUSION

For these and other reasons more fully set forth in the government's Application for Post-Indictment Restraining Order, the government's Application, [D.E. #148], is GRANTED, and it is HEREBY ORDERED AND DECREED:

1. Effective immediately, Defendant, as well as his agents, servants, employees, attorneys, family members and those persons in active concern or participation with them, are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior

approval of this court and upon notice to the United States and an opportunity for the United States to be heard, from selling or otherwise disposing of the subject property, encumbering the subject property, or allowing the subject property to fall into disrepair or be devalued by neglect or failure to take proper care of it.

2. The United States or any subject of this order may seek modifications of this order if it is deemed necessary by them to preserve their interest in the subject property.

3. Defendant shall be allowed to seek modification, including termination, of this order if he satisfactorily shows the court its continuation would be in violation of his constitutional rights.

4. Any subject of this order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the court shall determine whether any proposed bond is a satisfactory performance bond.

5. The Secretary of Treasury or the Attorney General or their designee shall promptly serve a copy of this order upon Defendant, as well as any other person in possession of the subject property, and shall make a return thereon reflecting the date and time of service.

6.  This order shall remain in full force and effect until further order of this court.

This 17TH day of May 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34