IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2H2

UNITED STATES OF AMERICA )
 )
          v. )
 )
WILLIAM TODD CHAMBERLAIN )

**FIRST SUPPLEMENTAL CIPA**
**PROTECTIVE ORDER**

This matter comes before the Court upon the Government's Unopposed Motion for First Supplemental CIPA Protective Order to prevent the unauthorized disclosure or dissemination of classified national security documents and information which will be reviewed by, or made available to, or are otherwise in the possession of, Defendant William Todd Chamberlain.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9; hereinafter referred to as the "Security Procedures); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security, it is this 10th day of April, 2017, hereby

ORDERED that the Government Unopposed Motion for the First Supplemental CIPA Protective Order is GRANTED; and it is

FURTHER ORDERED that:

1. The purpose of this First Supplemental CIPA Protective Order is to establish the procedures that must be followed by the Defendant, who does not presently possess an active security clearance, prior to his being granted authorized access to any classified documents and information in connection with this case.

2. This Order incorporates by reference the terms of the CIPA Protective Order issued on December 15, 2016, D.E. 194, (hereinafter, "CIPA Protective Order").

3. The procedures set forth in this First Supplemental Protective Order shall apply to all pre-trial, post-trial, and appellate aspects of this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P. 16(d); Sections 3 and 9 of CIPA; and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

4. At the Government's election or by order of this Court under Paragraph 19 of the CIPA Protective Order, the Defendant may be given access in discovery to certain classified national security documents and information in connection with this case.

5. Pursuant to the Nondisclosure Agreements that the Defendant signed when he was granted access to classified documents and information as part of his work for the United States government, the Defendant has a continuing contractual obligation to the Government not to disclose to any unauthorized person any

classified documents or information known to him or that he possesses. The Government is entitled to enforce its Nondisclosure Agreements with the Defendant to maintain the secrecy of the classified documents and information that the Defendant may obtain as a result of this case. Consequently, pursuant to federal common law and the ordinary principles of contract law, the Defendant shall fully comply with his Nondisclosure Agreements and shall not disclose any classified documents or information to any unauthorized person unless authorized to do so by order of this Court.

6. Further, the Defendant shall comply with all terms of the CIPA Protective Order not inconsistent with the terms set forth herein, as well as the requirements of CIPA and any other orders issued by this Court pursuant to CIPA.

7. A copy of this First Supplemental CIPA Protective Order shall be issued forthwith to counsel for the Defendant, who shall be responsible for advising the Defendant of its contents. Prior to his being given access to any classified documents or information in this matter, the Defendant shall execute the Memorandum of Understanding appended to this Order, and defense counsel shall file executed originals with the Court and the ~~Court~~ Classified Information Security Officer and serve an executive original of such document upon the United States. The execution and filing of the Memorandum

3

of Understanding is a condition precedent for the Defendant to have access to classified documents and information in this matter.

This the 10TH day of April, 2017.

Malcolm J. Howard
Senior United States District Judge

Copied to:

Susan B. Menzer
Assistant United States Attorney
United States Attorney's Office
For the Eastern District of North Carolina
310 New Bern Avenue
Raleigh, N.C. 27601
Susan.menzer@usdoj.gov

Lloyd Wade Weems
Trial Attorney
United States Department of Justice
National Security Division
600 E Street, N.W., Suite 10606
Washington, D.C. 20004
wade.weems@usdoj.gov

Thomas Courtland Manning
Manning Law Firm PLLC
P. O. Box 12105
1312 Annapolis Drive, Suite 201
Raleigh, N.C. 27605
thomasmanning@manninglaw.com

John Keating Wiles
Cheshire Parker Schneider & Bryan
133 Fayetteville Street, Suite 500
Raleigh, N.C. 27601
keat.wiles@cheshirepark.com