IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2H2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **SECOND SUPPLEMENTAL CIPA** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| WILLIAM TODD CHAMBERLAIN | ) | |

This matter comes before the Court upon the Government's Unopposed Motion for Second Supplemental CIPA Protective Order to prevent the unauthorized disclosure or dissemination of classified national security documents and information which will be reviewed by, or made available to, or are otherwise in the possession of, four witnesses anticipated to be called upon by the Government for testimony in the case of Defendant William Todd Chamberlain.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9; hereinafter referred to as the "Security Procedures); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security, it is this 4th day of May, 2017, hereby

ORDERED that the Government Unopposed Motion for the Second

1

Supplemental CIPA Protective Order is GRANTED; and it is

FURTHER ORDERED that:

1. The purpose of this Second Supplemental CIPA Protective Order is meant to extend the reach of this Court's original Protective Order (D.E. 194) to cover four former U.S. Army soldiers, namely, Deric Tyron Harper, Jeffrey Arthur Cook, Barry Lee Walls, Jr., and Cleo Brian Autry. These four soldiers were deployed to Afghanistan with Defendant Chamberlain, and the Government alleges that they were co-conspirators of Defendant Chamberlain in a scheme designed to steal government funds. Harper, Cook, Walls, and Autry all have pleaded guilty to conspiracy and theft as part of that scheme, the same one for which Chamberlain is now charged. These four former soldiers do not presently possess active security clearances, and this Order is meant to establish the procedures that must be followed prior to them being granted authorized access to classified documents and information in connection with this case.

2. This Order incorporates by reference the terms of the CIPA Protective Order issued on December 15, 2016, D.E. 194, (hereinafter, "CIPA Protective Order").

3. The procedures set forth in this Second Supplemental Protective Order shall apply to all pre-trial, post-trial, and appellate aspects of this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P.

16(d); Sections 3 and 9 of CIPA; and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

4. At the Government's election or by order of this Court under Paragraph 19 of the CIPA Protective Order, the four individuals identified herein as potential Government witnesses may be given access in discovery to certain classified national security documents and information in connection with this case.

5. Pursuant to the Nondisclosure Agreements that the four former soldiers signed when they were granted access to classified documents and information as part of their work for the United States government, the four individuals have a continuing contractual obligation to the Government not to disclose to any unauthorized person any classified documents or information known to them or that they possess. The Government is entitled to enforce its Nondisclosure Agreements with these four individuals in order to maintain the secrecy of the classified documents and information that the four may obtain as a result of this case. Consequently, pursuant to federal common law and the ordinary principles of contract law, the four individuals shall fully comply with their Nondisclosure Agreements and shall not disclose any classified documents or information to any unauthorized person unless authorized to do so by order of this Court.

6. Further, the four individuals subject to this Order shall comply with all terms of the original CIPA Protective Order

not inconsistent with the terms set forth herein, as well as the requirements of CIPA and any other orders issued by this Court pursuant to CIPA.

7. A copy of this Second Supplemental CIPA Protective Order shall be issued forthwith to counsel for the Defendant. Undersigned Government counsel shall be responsible for advising the four soldiers of the contents of this Order as well as the original CIPA Protective Order. Prior to being given access to any classified documents or information in this matter, Deric Tyron Harper, Jeffrey Arthur Cook, Barry Lee Walls, Jr., and Cleo Brian Autry shall each execute the Memorandum of Understanding appended to this Order, and Government counsel shall file executed originals with the Court and the Classified Information Security Officer (CISO). The execution and filing of the Memorandum of Understanding is a condition precedent for the Defendant to have access to classified documents and information in this matter.

This the 4th day of May, 2017.

*[signature]*

Malcolm J. Howard
Senior United States District Judge

Copied to:

Susan B. Menzer
Assistant United States Attorney
United States Attorney's Office
For the Eastern District of North Carolina
310 New Bern Avenue
Raleigh, N.C. 27601
Susan.menzer@usdoj.gov

Lloyd Wade Weems
Trial Attorney
United States Department of Justice
National Security Division
600 E Street, N.W., Suite 10606
Washington, D.C. 20004
wade.weems@usdoj.gov

Thomas Courtland Manning
Manning Law Firm PLLC
P. O. Box 12105
1312 Annapolis Drive, Suite 201
Raleigh, N.C. 27605
thomasmanning@manninglaw.com

John Keating Wiles
Cheshire Parker Schneider & Bryan
133 Fayetteville Street, Suite 500
Raleigh, N.C. 27601
keat.wiles@cheshirepark.com