IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2H

UNITED STATES OF AMERICA,

v.

WILLIAM TODD CHAMBERLAIN,
        Defendant.

**ORDER**

This matter is before the court on defendant's motion to dismiss for duplicity, and in the alternative, motion to require government to elect offense, [DE #166], which this court construes as properly brought under Fed. R. Crim. P. 12(b)(3)(B)(i). The government responded, [DE #176], and defendant replied, [DE #177]. This motion is ripe for adjudication.

Defendant argues Count Two of the Indictment is a duplicitous count because it contains both provisions of 18 U.S.C. § 641, the theft of government property and the receipt of the same stolen property. [DE #1]. The government counters that Count Two simply charges two separate means of committing the offense in 18 U.S.C. § 641.

Count Two of the Indictment specifically charges that defendant

> did knowingly and unlawfully embezzle, steal, purloin, and convert to their use and the use of others, things of value to the United States and a department and an

> agency thereof, that is the Department of Defense, including its components, the value of which in the aggregate did exceed the sum of $1,000; <u>and</u> did receive, conceal, and retain the same with intent to convert it to their use and gain, and the use and gain of others, knowing it to have been embezzled, stolen, purloined, and converted.

[DE #1 emphasis added].

"An indictment is duplicitous if it charges two offenses in one count, creating 'the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count.'" <u>United States v. Robinson</u>, 855 F.3d 265, 269 (4th Cir. 2017) (citing <u>United States v. Robinson</u>, 627 F.3d 941, 957 (4th Cir. 2010). The remedy for a duplicitous count is election by the government of one the offenses charged within a single count. <u>See United States v. Universal C.I.T. Credit Corp.</u>, 344 U.S. 218, 225 (1952) (holding defendant may ask the court to order the government to elect an offense to charge defendant of the two charged within one count); <u>see</u> <u>Reno v. United States</u>, 317 F.2d 499, 502 (5th Cir. 1963) (holding "'[d]uplicity is not a fatal defect' in an indictment and in fact is harmless if the government is required to elect an offense) (citing <u>United States v. Goodman</u>, 285 F.2d 378, 380 (5th Cir. 1960)).

Title 18 U.S.C. § 641 creates two separate and distinct offenses – theft of property and receipt of the same stolen property, and a person cannot be convicted of both. <u>See</u> <u>Milanovich v. United States</u>, 365 U.S. 551, 554-55 (1961) (holding trial court

erred in not instructing jury could convict of larceny or receiving but not both); see also United States v. Gaddis, 424 U.S. 544, 547 (1976), (holding that while a defendant can be charged under 18 U.S.C. § 2113(a)-(d) in separate counts, but cannot be convicted, of both (1) robbing a federally insured bank and (2) receiving or possessing the proceeds of that robbery.).

Because defendant is charged with violation of both offenses under 18 U.S.C. § 641 within Count Two of the indictment, [DE #1], Count Two is duplicitous.

For the foregoing reasons, the defendant's motion to dismiss for duplicity, and in the alternative, motion to require government to elect offense, [DE #166], is GRANTED IN PART to the extent the government must elect an offense in Count Two upon which to proceed, and DENIED IN PART to the extent the defendant requests dismissal. The government is directed to inform the court and the defendant of its election as to Count Two within twenty-one (21) days of the entry of this Order.

This 9TH day of November 2017.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

3