IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2-H

UNITED STATES OF AMERICA,            )
                                     )
        v.                           )
                                     )    **ORDER**
WILLIAM TODD CHAMBERLAIN,            )
        Defendant.                   )

This matter is before the court on the following motions filed

by defendant Chamberlain:

(1)   Motion to Dismiss Superseding Indictment for Violation of
      Grand Jury Clause of the Fifth Amendment [DE #302];

(2)   Motion to Dismiss Superseding Indictment as Time-Barred
      [DE #303];

(3)   Motion to Dismiss Superseding Indictment for Pre-
      Indictment Delay [DE #304];

(4)   Motion to Dismiss Original and Superseding Indictments for
      Destruction of Evidence [DE #305];

(5)   Motion to Dismiss the Original Indictment as Voided by the
      Superseding Indictment [DE #306];

(6)   Motion to Dismiss Count Two of the Original Indictment [DE
      #307]; and

(7)   Motion to Dismiss (Incorporating Prior Motions to Dismiss
      as Effective against Superseding Indictment, including
      Motion to Dismiss Superseding Indictment for Failure to
      State an Offense) [DE #308].

The government filed an omnibus response [DE #309] to defendant's

motions and defendant replied [DE #312]. These matters are ripe

for adjudication.

On June 25, 2014, defendant and co-conspirators Cleo Autry and Deric Harper were charged by a duly empaneled grand jury with Conspiracy to Commit Offenses against the United States and Theft of Government Property, in violation of 18 U.S.C. §§ 371, 641 and 2. [DE #1]. On October 6, 2014, Autry and Harper pled guilty to counts one and two of the indictment. [DE #41 and #43].

From November 29, 2014, to November 18, 2015, defendant filed ten pretrial motions [DE ## 44-47, 50-51, 93-96], which were referred to United States Magistrate Judge Kimberly A. Swank for review. On January 28, 2016, Judge Swank denied in substantial part all ten motions. Defendant appealed, and this court affirmed Judge Swank's rulings.

On March 7, 2016, defendant filed a motion to dismiss the indictment arguing it was deficient for failing to plead all the essential elements of the offenses charged. [DE #132]. This court found the indictment sufficient and denied defendant's request for a bill of particulars. [DE #147].

On May 13, 2016, defendant filed another motion to dismiss, this time arguing count two was duplicitous. By order filed November 9, 2017, this court found count two duplicitous and ordered the government to elect, within 21 days, whether it intended to proceed under a theft of property or receiving stolen

property theory within Count 2.[1]  On November 29, 2017, another
duly empaneled grand jury in the Eastern District of North Carolina
returned a three-count Superseding Indictment, which  charges the
following crimes:   (1) Conspiracy to Commit Offenses against the
United States in violation of 18 U.S.C. § 371 (count one); Theft
of $25,000 from the Department of Defense in violation of 18 U.S.C.
§ 641 (count two); and Receipt of Stolen Property, specifically
receipt of what had been stolen from the Department of Defense by
the four other co-conspirators in violation of 18 U.S.C. § 641
(count three).

On January 3, 2018, defendant filed the seven instant motions
challenging the Superseding Indictment on various grounds.

## COURT'S DISCUSSION

### I.   Motion to Dismiss Superseding Indictment in Violation of Grand Jury Clause of the Fifth Amendment

Defendant moves this court to dismiss the Superseding
Indictment, arguing the government impermissibly amended the
original indictment by having a successor grand jury issue the
superseding  indictment  or ' by  obtaining  the  superseding
indictment from the original grand jury outside of its term.

In the instant matter, there was no amendment to the
indictment as argued by defendant, but rather a superseding

---

[1] The court acknowledges the delay between the filing of the motion to dismiss
on duplicity and final ruling.  During the interim and continuing to the present
day, the court has been navigating the Classified Information Protection Act
(CIPA) process in this matter.

3

indictment. Here, the superseding indictment was presented to and voted upon by an authorized grand jury. The government presented evidence to a different grand jury in accordance with Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure. The government did this to cure a legal defect in the original indictment, namely the duplicitous count. Defendant's reliance on Ex parte Bain is misplaced as no amendment by the court occurred here. Ex parte Bain, 121 U.S. 1 (1887) (amendment of an indictment by the court violated the Fifth Amendment because the charge was not presented again to the grand jury.) Additionally, there is no evidence here that the government abused the grand jury process nor evidence that the superseding indictment was obtained to harass the defendant. See United States v. Edwards, 777 F.2d 644, 649 (11th Cir. 1985). See also United States v. Jones, 2016 WL 4987145 at 2 (E.D.N.C. Sept. 18 2016) (analyzing "fantastical proposition that the superseding indictment is 'constitutionally defective' because it was returned by a different grand jury than the one that returned the original indictment."). Finding no constitutional violation in presentation of a Superseding indictment to a successor grand jury, the motion [DE #302] is DENIED.

## II.        Motion to Dismiss Superseding Indictment as Time-Barred
            [DE #303]

Defendant asserts the superseding indictment is time barred.

Although the government concurs the statute of limitations

ordinarily applicable for the crimes charged is five years,

pursuant to 18 U.S.C. § 3282(a), the government contends the

Wartime Suspension of Limitations Act (WSLA) exception applies

to the charges in this matter.  The WSLA provides:

> When the United States is at war or Congress has enacted
> a specific authorization for the use of the Armed Forces,
> as described in section 5(b) of the War Powers Resolution
> (50 U.S.C. 1544(b)), the running of any statute of
> limitations applicable to any offense (1) involving
> fraud or attempted fraud against the United States or
> any agency thereof in any manner, whether by conspiracy
> or not, or (2) committed in connection with the
> acquisition, care, handling, custody, control or
> disposition of any real or personal property of the
> United States, or (3) committed in connection with the
> negotiation, procurement, award, performance, payment
> for, interim financing, cancelation, or other
> termination or settlement, of any contract, subcontract,
> or purchase order which is connected with or related to
> the prosecution of the war or directly connected with or
> related to the authorized use of the Armed Forces, or
> with any disposition of termination inventory by any war
> contractor or Government agency, shall be suspended
> until 5 years after the termination of hostilities as
> proclaimed by a Presidential proclamation, with notice
> to Congress, or by a concurrent resolution of Congress.

18 U.S.C.A. § 3287 (West).

The suspension statute applies to offenses committed after

the hostilities begin until the formal termination of those

hostilities.  United States v. Smith, 342 U.S. 225, 227 (1952);

United States v. Pfluger, 685 F.3d 481, 483 (5th Cir. 2012), cert.

5

denied, 568 U.S. 1162 (2013). On September 18, 2001, Congress authorized the use of military force against those tied to the attacks of September 11, 2001, and this authorization constitutes the triggering event with respect to Afghanistan. Authorization for Use of Military Force, Pub. L. 107-40, September 18, 2001. The suspension period is applicable to the hostilities and Iraq and Afghanistan despite the lack of a "declared war." United States ex rel. Carter v. Halliburton Co., 710 F.3d 171, 178-79 (4th Cir. 2013) (citing Hamdi v. Rumsfield, 542 U.S. 507 (2004), rev'd on other grounds, ___ U.S. ___, 135 S. Ct. 1970, (2015) (finding WSLA only applies to criminal offenses); see also United States v. Whyte, 229 F. Supp. 3d 484, 492 n. 4 (W.D. Va. 2017) (rejecting defendant's "argument that the hostilities in Iraq and Afghanistan are not covered by the WSLA.").

The formal termination of hostilities required to end the application period of WSLA requires, as dictated by the statute, either "a Presidential proclamation, with notice to Congress, or [] a concurrent resolution of Congress." 18 U.S.C. § 3287. As no such formal termination has occurred, the termination clause of WSLA has not been triggered to start the running of the five-year statute of limitations period.

In his reply, defendant raises two additional arguments regarding WSLA application. First, defendant argues WSLA does not apply to the offenses charged because those offenses do not contain

6

fraud as an essential element, citing Bridges v. United States,
346 U.S. 209, 222 (1953).  Bridges involved defendants charged
with crimes of making false statements to the United States in
order to obtain naturalization.

WSLA does apply to offenses involving fraud in the first
enumerated type of offense to which it applies.  18 U.S.C. § 3287
("applicable to any offense (1) involving fraud or attempted fraud
against the United States or any agency thereof in any manner,
whether by conspiracy or not").  However, the WSLA also applies to
offenses

> (2) committed in connection with the acquisition, care,
> handling, custody, control or disposition of any real or
> personal property of the United States, or (3) committed
> in connection with the negotiation, procurement, award,
> performance, payment for, interim financing,
> cancelation, or other termination or settlement, of any
> contract, subcontract, or purchase order which is
> connected with or related to the prosecution of the war
> or directly connected with or related to the authorized
> use of the Armed Forces, or with any disposition of
> termination inventory by any war contractor or
> Government agency[.]

Id.

The charges in the instant matter involve the illegal taking
of funds belonging to the United States in the care, control, or
custody of defendant, and therefore fall under subsection (2)
and/or subsection (3) of WSLA.  United States v. Arnold, 991 F.
Supp. 2d 1307 (S.D. Ga. 2014) (Offenses under 18 U.S.C. § 641 fall
under WSLA "as they involve the acquisition, control, or

7

disposition of United States personal property.")   Therefore, defendant's argument is misplaced.

Finally, defendant argues WSLA is unconstitutional because it violates separation of powers and due process.   Defendant argues statutes of limitation are a legislative decision and that WSLA is unconstitutional because it delegates the authority to the President.   However, Congress, in its proper legislative authority, through the WSLA, specifically laid out the requirements for formal termination of hostilities: either "a Presidential proclamation, with notice to Congress, or [] a concurrent resolution of Congress."   18 U.S.C. § 3287.   It appears that if the legislative branch believes the President has been delinquent in ending hostilities formally, it may do so via resolution.   It is not this court's job to "'demarcate the end of hostilities. The statute makes clear that the political branches must make that determination.'"   United States v. Whyte, 229 F.Supp.3d 484, 493 (W.D. Va. 2017), quoting United States v. Frediani, 790 F.3d 1196, 1200 (11th Cir. 2015).

Furthermore, defendant has failed to show how this statute violates defendant's due process rights.   Therefore, defendant's motion [DE #303] is DENIED.

**III.** **Motion to Dismiss Superseding and Original Indictments for Pre-Indictment Delay and Speedy Trial Violation [DE #304]**

Defendant seeks dismissal of both the Original and Superseding Indictments based on two speedy trial grounds: the Fifth Amendment due process clause and his Sixth Amendment right to a speedy trial.

His Fifth Amendment claim is based on prejudicial pre-indictment delay. However, the court finds he has failed to demonstrate actual prejudice from the filing of the superseding indictment. His claims regarding the destruction of evidence are not relevant to the filing of the superseding indictment and are a matter being separately considered by this court. The government filed the superseding indictment in a prompt manner following this court's decision regarding duplicity.

As to his Sixth Amendment claim, the court also finds no violation. While there have been significant delays in this matter, many have been prompted by defendant's motions to continue. Additionally, defendant has filed numerous motions with this court, including at least 19 pretrial motions and motions to dismiss, slowing down the process of litigation significantly, and he cannot now use that fact to show prejudice. Finally, the classified matters at issue in this case have slowed down the process as well. The court denies defendant's motion [DE #304].

**IV.**   **Motion to Dismiss for Destruction of Evidence [DE #305]**

As to this issue, the government has previously requested, orally and in writing, to hold this issue in abeyance until the CIPA process concludes. This court has agreed. Therefore, the court will not address this motion at this time, and the motion [DE #305] is DENIED WITHOUT PREJUDICE.

**V.**   **Motion to Dismiss Original Indictment [DE #306] and Motion to Dismiss Count Two of the Original Indictment [DE #307]**

Defendant moves to dismiss the original indictment based on the filing of the superseding indictment. Defendant also moves for dismissal of count two of the original indictment. The court previously held count two was defective for duplicity and instructed the government to elect within 21 days which of the two crimes to pursue in count two. The government did not so elect, but rather chose to file a superseding indictment. Finding defendant has cited no applicable legal authority requiring the court to dismiss the original indictment at this time, the court declines to do so. Defendant's motions [DE #306 and #307] are DENIED WITHOUT PREJUDICE.

**VI.**   **Motion to Dismiss [DE #308]**

Defendant moves to incorporate all motions to dismiss filed against the original indictment as effective against the

superseding indictment. Specifically, defendant renews his motion to dismiss for failure to state an offense [DE #132] arguing none of the counts in the superseding indictment contain sufficient detail to state an offense. However, defendant makes no new argument regarding this motion, but instead just incorporates his prior motion. The court denies this motion for the same reasons stated in its prior order [DE #147].

## CONCLUSION

For the foregoing reasons, defendant's

(1)  Motion to Dismiss Superseding Indictment for Violation of Grand Jury Clause of the Fifth Amendment [DE #302] is DENIED;

(2)  Motion to Dismiss Superseding Indictment as Time-Barred [DE #303] is DENIED;

(3)  Motion to Dismiss Superseding Indictment for Pre-Indictment Delay [DE #304] is DENIED;

(4)  Motion to Dismiss Original and Superseding Indictments for Destruction of Evidence [DE #305] is DENIED WITHOUT PREJUDICE;

(5)  Motion to Dismiss the Original Indictment as Voided by the Superseding Indictment [DE #306] and Motion to Dismiss Count Two of the Original Indictment [DE #307] are DENIED WITHOUT PREJUDICE; and

(6) Motion to Dismiss (Incorporating Prior Motions to Dismiss as Effective against Superseding Indictment, including Motion to Dismiss Superseding Indictment for Failure to State an Offense) [DE #308] is DENIED.

This _14th_ day of June 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26