IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-128-2H2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT RESPONSE TO |
| v. | ) | DEFENDANT'S MOTION FOR |
| | ) | DISCLOSURE OF BRADY AND GIGLIO |
| WILLIAM TODD CHAMBERLAIN | ) | INFORMATION FOR CIPA 6 HEARING |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds to Defendant Chamberlain's Motion for Disclosure of Specific Brady and Giglio Information for CIPA 6 Hearing (D.E. 347). The Government is aware of, and has fully complied with, it's constitutional due process obligations regarding any witnesses it intends to call at this hearing. The Defendant's Motion is nothing more than an impermissible fishing expedition; and therefore, should be denied.

I. **INTRODUCTION**

At trial, the Defendant intends to offer into evidence classified information through oral testimony and documentary exhibits. The Classified Information Procedures Act (CIPA) requires the Defendant to provide written pretrial notice to the Court and the Government, identifying the classified information he seeks to admit. 18 U.S.C. App. III §5(a). His notice, the

1

United States Court of Appeals for the Fourth Circuit, explained must be particularized, setting forth specifically the classified information which he reasonably believes to be necessary to his defense.  United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985) (*en banc*).  This applies to evidence the Defendant anticipates offering on direct or cross-examination.  United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983).  CIPA Section 5(b) permits the Court to preclude the classified evidence where the Defendant fails to provide sufficiently detailed notice far enough in advance of trial to enable the Court to implement the appropriate CIPA procedures.  This includes time for the Court to conduct a hearing, pursuant to Section 6(a), to make pretrial "determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during trial." 18 U.S.C. App. III §6(a).

On May 21, 2018, the Court granted the Government's request to conduct a Section 6(a) hearing, which is currently scheduled for August 28, 2018 (D.E. 344).  At this hearing, the Court is to hear the Defendant's proffer and the arguments of counsel, and then rule whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.  Smith, supra, 780 F.2d at 1106. The court's inquiry

2

does not end there, for under Rule 402, not all relevant evidence is admissible at trial. Therefore, the Court must also determine whether the evidence is cumulative, prejudicial, confusing, or misleading," United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984), so that it should be excluded under Rule 403. At the conclusion of the Section 6 (a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information. 18 U.S.C. App. III §6(a).

If the Court rules any classified information to be admissible, Section 6(c) of CIPA permits the Government to propose unclassified "substitutes" for that information. Specifically, the Government may move to substitute either (1) a statement admitting relevant facts that the classified information would tend to prove or (2) a summary of the classified information instead of the classified information itself. 18 U.S.C. App. III §6(c)(1); see Smith, supra, 780 F.2d at 1105. A redacted version of a classified document, deleting non-relevant classified information, can serve as a substitution. The Court must grant the Government's motion if the "statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. App. III § 6(c). If the Court does not

3

accept the Government's proposed substitution, the Government may take an interlocutory appeal to the Fourth Circuit. 18 U.S.C. App. III § 7(a).

## II. DEFENDANT'S REQUESTS

In his Motion for Disclosure of Specific Brady and Giglio Information for CIPA 6 Hearing (D.E. 347, filed under seal), the Defendant anticipates the Government intends to call six witnesses: three are federal law enforcement agents and three are active duty military personnel. With the exception of Special Agent Jason Sargenski, the Government has no intention of calling these individuals. Accordingly, the Government will only address the Defendant's requests with respect to Agent Sargenski.[1] These are as follows:

1. A DCIS equivalent to a Department of Defense (DOD) Officer Records Brief or Enlisted Records Brief, which would presumably include "detailed training and disciplinary records." Id. at 1.

---

[1] The Defendant has repeatedly stated that he needs the classified information to impeach his four co-conspirators. To assist the Defendant in meeting his burden of proof, the Government offered to make these four men available to him at the Section 6(a) hearing so he can cross-examine them, as he intends to do at trial. If the Defendant does not examine these men, but continues to argue in the abstract, the Government may call them. Throughout these proceedings, the Government has offered evidence and vehemently argued that the classified information does not contradict the co-conspirators' anticipated trial testimony. The Court must make the final determination.

With respect to the Defendant's broad Brady and Giglio requests for "any witnesses the Government may call," the Government has already provided all the materials in its possession regarding his four co-conspirators in its discovery productions.

4

2. "Training and postings/assignments where financial matters were part of "his" training duties or investigations;"

3. Training records "where ASOMS matters were part of their duties or investigations;" and

4. List of all cases "involving the successful prosecution of a Paying Agent (PA), Field Ordering Officer (FOO) or Disbursing Officer (DO)."

### III. LEGAL ANALYSIS

In Brady v. Maryland, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." 373 U.S. 83, 87 (1963). This includes evidence that could be used to impeach the credibility of government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

The Defendant has not even attempted to demonstrate to the Court whether such information exists and how it would be material to this case. The constitutional right to question adverse witnesses "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Pennsylvania v. Ritchie, 480 U.S. 39, 54 (1987); see also United States v. Owens, 484 U.S. 554, 559 (1988) ("the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination

5

that is effective in whatever way, and to whatever extent the defendant might wish.").

The Court should not require the Government to rummage through Agent Sargenski's personnel files and training records where the Defendant has failed to meet his Brady/Giglio burden. See United States v. Thomas, 2016 WL 6948444 (C.D. Ill. 2016) (finding that to request production of law enforcement personnel files and training records, the defendant must demonstrate materiality); United States v. Ollison, 1995 WL 12300 at 6-7 (N.D. Ill. 1995) (same).

Even if he tried, the Defendant could not make a plausible showing of materiality. The Government only intends to call Agent Sargenski during the Section 6(a) hearing to rebut factual inaccuracies the Defendant may offer.[2] He is not being offered as an expert witness; and therefore, any training courses he may or may not have completed are irrelevant. Any financial testimony will merely involve summarizing entries from the classified records. He will not testify to any technical issues regarding the ASOMS database other than repeating information provided to

---

[2] Under the Federal Rules of Evidence, the scope of cross-examination is limited to the testimony elicited on direct examination. Fed. R. Evid. 611(b).

6

him by others. He has never received ASOMS training; and therefore, there are no such records.

Concerning Agent Sargenski's credibility, the Government has made, in accordance with U.S. Department of Justice guidelines, the necessary inquiries to DOD. See United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998) (government may discharge duty of disclosure of impeaching evidence concerning government personnel by having custodian of evidence review file and inform prosecutor of contents); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (appropriate agency may examine files and notify the prosecutor of any potential Brady material). DOD's review of Agent Sargenski's personnel file found "no potential impeachment information." This is sufficient. The Court should deny the Defendant's request. See United States v. Davis, 2008 WL 3661431 at 4 (W.D. Wis. 2008).

Finally, the Defendant has cited no legal authority entitling him to a list of all cases Agent Sargenski has participated in "involving the successful prosecution of a Paying Agent (PA), Field Ordering Officer (FOO) or Disbursing Officer (DO)." The manner in which Agent Sargenski or his agency acted regarding other defendants is not material to guilt. See, e.g., United States v. Wood, 915 F. Supp. 1126 (D. Kan. 1995) (highway patrol guidelines

7

on profile stops not discoverable to challenge officer's credibility), rev'd on other grounds, 106 F.3d 942 (10th Cir. 1997). This request should also be denied.

### III. CONCLUSION

WHEREFORE, the United States respectfully requests the Court to deny the Defendant's Motion for Disclosure of Specific Brady and Giglio Information for CIPA 6 Hearing (D.E. 347).

Respectfully submitted, this the 10th day of August, 2018.

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ Susan B. Menzer
SUSAN B. MENZER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
D.C. Bar 421007
Telephone: (919) 856-4099
susan.menzer@usdoj.gov

AMY LARSON
Counterintelligence and Export
    Control Section
National Security Division
600 E. St. NW, Washington, DC 20530
(202)353-0267
Amy.larson@usdoj.gov
N.Y. Bar No. 4108221

8

CERTIFICATE OF SERVICE

I hereby certified that I have this day served a copy of this Response on counsel for the Defendant by electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to:

Thomas C. Manning
The Manning Law Firm
1312 Annapolis Drive, Suite 201
Raleigh, N.C. 27608

William Pruden
Cheshire Parker Schneider and Bryan
133 Fayetteville Street, Suite 500
Raleigh, N.C. 27602

By: /s/ Susan B. Menzer
SUSAN B. MENZER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue
Suite 800
Raleigh, NC 27601
D.C. Bar 421007
Telephone: (919) 856-4099
susan.menzer@usdoj.gov

9

Case 5:14-cr-00128-FL    Document 354    Filed 08/10/18    Page 9 of 9